IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

HOME CASUAL ENTERPRISE LTD.,
ZHEJIANG HEMEI LEISURE PRODUCTS CO., LTD.,
HANGZHOU VOLLY GARDEN FURNITURE CO., LTD. and
HANGZHOU KING-REX FURNITURE INDUSTRY CO., LTD.

                         Plaintiffs and Counter-
                         Defendants,                    OPINION & ORDER
    v.
                                                   11-cv-661-wmc
HOME CASUAL LLC,

                         Defendant and Counter-Claimant.
_____

Pending before this court are defendant Home Casual's motion to amend its counterclaims and for relief from judgment (dkt. #185) and plaintiffs' motion for Rule 11 sanctions (dkt. #191). Because Home Casual has failed to identify any manifest error of law for which relief may be granted, the court will deny its motion. The court will also grant plaintiffs' motion for sanctions in light of legal arguments that Home Casual's counsel should have known to be baseless or, at least, should have known were presented in a plainly misleading fashion.

BACKGROUND[1]

In this civil action, plaintiff Home Casual Enterprise Ltd. ("HCEL"), a supplier of outdoor furniture for national retailers, and several of its Chinese manufacturers (collectively, "plaintiffs") initially brought suit for breach of contract against defendant

---

[1] For purposes of this opinion, the court adopts the detailed statement of undisputed facts set forth in its opinion and order granting plaintiffs' motion for summary judgment and denying defendants' motion for summary judgment. (Dkt. #153.)

Home Casual, as well as certain of its officers and personal guarantors, for the failure to pay $10,262,414.60 in purchase price and $551,079.14 in commissions during 2010 and 2011.[2] On November 14, 2011, Home Casual filed its Answer and raised multiple affirmative defenses, as well as a single counterclaim. On December 16, 2011, Home Casual filed a Third-Party Complaint and amended counterclaims containing 14 different counts. Finally, on January 6, 2012, Home Casual filed additional amendments to its counterclaim. When the dust had settled, Home Casual had raised multiple affirmative defenses and 18 (or 19 depending on how you counted them) RICO and state law counterclaims in response to the plaintiffs' allegations.

Plaintiffs moved to dismiss the counterclaims against them (dkt. #50), and plaintiffs and defendants cross-moved for summary judgment (dkts. #88, 94.) On November 14, 2012, the court ruled on all three motions. As an initial matter, the court granted plaintiffs' motion to dismiss all claims against two of the third-party defendants for improper service, four of the state law claims, and two additional state law fraud claims alleged against one of the plaintiff manufacturers, Zhejiang Hemei Leisure Products Co., Ltd. ("Hemei"). (Dkt. #152.) The court then granted summary judgment to plaintiffs HCEL and the remaining counterclaim defendants, finding that (1) the undisputed facts established Home Casual had breached the parties' contract and (2) defendant failed to offer any credible evidence supporting any of their counterclaims and affirmative defenses except as to questions regarding whether the individual defendants were bound by a personal guarantee for two of the shipments in question. (Dkt. #153.) Because a genuine dispute of material fact existed

---

[2] HCEL also sued some individual defendants as personal guarantors of debt, but the parties stipulated to the dismissal of the individual defendants on February 26, 2013. (Dkt. #197.) Home Casual is thus the only defendant remaining in this case.

as to this final issue, the court set the matter for trial on December 3, 2012 and ordered that final judgment be entered against Home Casual for the full $10,813,493.74 that plaintiffs sought, pursuant to Rule 54(b).  Five days later, on November 19, 2012, the Clerk of Court entered judgment.  (Dkt. #161.)  Shortly before trial, the parties notified the court that they had resolved all remaining claims and sought a stay of the case until February 28, 2013.  (Dkt. #178.)  In response, the court administratively closed the matter on November 29, 2012, subject to reopening for good cause shown.  (Dkt. #182.)  On December 12, 2012, Home Casual unexpectedly filed a Motion for Leave to File an Amended Counterclaim and Third-Party Complaint and Motion to Alter or Amend the Judgment.  (Dkt. #185.)  Plaintiffs filed a brief in opposition on December 21, 2012 (dkt. #190), and at the same time served Home Casual with a copy of a Rule 11 Motion for Sanctions as required by Rule 11(c)(2).  Affidavit of Alan G. B. Kim, Jr., Ex. A (dkt. #192-1).  On January 14, 2013, after the 21-day safe harbor period had elapsed, plaintiffs filed their Motion for Sanctions with the court, which has also been fully briefed.  (Dkt. #191.)

Before the court could rule on either of these pending motions, however, Home Casual "filed" for bankruptcy protection.  *See In re Home Casual, LLC*, Case No. 3-13-11475.  Without objection from Home Casual's counsel or its Chapter 7 trustee, this court withdrew the reference of the parties dispute pursuant to plaintiffs' motion under 28 U.S.C. § 157(d) in order to address the pending post-judgment motions in the most efficient and expeditious manner and to relieve the bankruptcy court of the added burden of becoming familiar with the merits of this dispute.

3

OPINION

**I. Home Casual's Motion for Leave to File an Amended Counterclaim and Third-Party Complaint and Motion to Alter or Amend the Judgment**

    **A. Standard of Review**

Home Casual purports to seek relief under various Federal Rules of Civil Procedure, but the only applicable standard of review is found in Rule 59(e). Home Casual's initial motion ostensibly sought relief from final judgment under Rule 60(b), which permits relief in cases of "mistake, inadvertence, surprise, or excusable neglect," among other reasons. Fed. R. Civ. P. 60(b)(1). However, Home Casual's only argument for Rule 60(b)(1) relief is that the decision represented a misapplication of law; Home Casual itself recognizes that Seventh Circuit law does not permit Rule 60(b) relief in cases of legal error. *See, e.g.*, *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002) ("[L]egal error is not a proper ground for relief under Rule 60(b). That rule is designed to allow modification in light of factual information that comes to light only after the judgment and could not have been learned earlier."); *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995) ("[Rule 60] was designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law.").

Home Casual also purports to seek leave to amend under the more permissive standard of Rule 15(a)(2). This ignores the fact that the court has already entered final judgment in this case.[3] "What the aggrieved party must do [after final judgment is entered]

---

[3] Perhaps Home Casual hoped to squeeze under the tent of Rule 15 because the court initially entered final judgment pursuant to Rule 54(b) in recognition that an unrelated, narrow issue still needed to be tried with respect to the individual obligations, if any, of the personal guarantors of Home Casual's debt. The court can find little reason to apply a more lenient standard to a certified Rule 54(b) final judgment, given that all of the issues the

... is to file a motion under Rule 59(e) seeking relief from the judgment, and, if it believes the deficiencies the court has identified can be cured through an amended complaint, it must proffer that document to the court in support of its motion." *Fannon v. Guidant Corp.*, 583 F.3d 995, 1002 (7th Cir. 2009). "[A]lthough a district court is not *compelled* to treat a motion to amend as a motion to reopen," the court will nevertheless analyze the merits of Home Casual's arguments and treat its Rule 15(a)(2) motion as a motion for relief under Rule 59(e). *Chaudhry v. Nucor Steel-Indiana*, 546 F.3d 832, 839 (7th Cir. 2008) (emphasis in original).

"To prevail on a motion for reconsideration under this rule, the movant must present either newly discovered evidence or establish a manifest error of law or fact." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Id.* (citation omitted). Rule 59(e) is not meant to allow the parties "merely to relitigate old matters." *Diebitz v. Arreola*, 834 F. Supp. 298, 302 (E.D. Wis. 1993). Rule 59(e) may be used neither to raise novel legal theories that should have been presented earlier, *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995), nor to "provide a vehicle for a party to undo its own procedural failures," *Bordelon v. Chi. Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000) (citation omitted). Finally, the decision to grant or deny Rule 59(e)

---

movant would reopen have been fully litigated on the merits. Here, in particular, the remaining issues before this court were later resolved by the parties, causing this court to close the case and making its Rule 54(b) judgment final for all practical purposes. Even if Home Casual's remaining motions somehow tolled final judgment for purposes of Rule 15 review, it would make little difference since any greater leniency for which Home Casual might have argued for under that rule is offset by its extreme tardiness in seeking such relief.

relief is entrusted to the district court's sound judgment. *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995).

### B. Amending the Pleadings

Home Casual first seeks leave to amend its pleadings to cure deficiencies in its counterclaims. For a party to amend its pleadings after final judgment, it must "believe[] that the deficiencies the court has identified can be cured through an amended complaint" and "must proffer that document to the court in support of its motion." *Fannon v. Guidant Corp.*, 583 F.3d 995, 1002 (7th Cir. 2009). Home Casual offers no such amendment. As such, there appears no basis for granting it leave to amend. *See Camp v. Gregory*, 67 F.3d 1286, 1290 (7th Cir. 1995) ("the mere desire to expand the allegations of a dismissed complaint does not, by itself, normally merit lifting the judgment").

Home Casual nevertheless argues that unusual circumstances justify allowing an amendment in this case: namely, that the court dismissed its claims on the same day that it ordered the entry of partial final judgment under Rule 54(b). In support, Home Casual cites to *Foster v. DeLuca*, 545 F.3d 582 (7th Cir. 2008), in which the Seventh Circuit found a district court had abused its discretion by denying a Rule 59(e) motion to amend when "it simultaneously granted the defendants' motion to dismiss and terminated the case." *Id.* at 584. In *Foster*, however, the district court also "made no determination regarding the sufficiency of the amended complaint nor did it provide any explanation for why it denied the motion to amend." *Id.* This summary denial is what the Seventh Circuit found to be an abuse of discretion in remanding the case to the district court, specifically noting that it

6

declined to rule on the issue of futility, "as it is something that the district court should revisit on remand." *Id.* at 585 n.1.

*Foster*, then, stands for the proposition that when a district court simultaneously dismisses claims and terminates a case, it may not summarily deny a motion to allow amendment without explanation. This ruling did *not* undermine a district court's discretion to deny the motion to amend should the proposed amendment prove futile. *Id.* at 584. As noted above, Home Casual failed to suggest, much less offer, any amendments that would have cured the deficiencies that this court previously identified. Instead, it simply argues that summary judgment was improvidently granted on the merits, an argument this court rejects as well for the reasons discussed below. Having offered no new legal or factual proof that an amendment of its counterclaims would have survived a second motion to dismiss, Home Casual's motion to amend will be denied.[4]

**C. Relief from Summary Judgment**

Home Casual also asks this court to alter its opinion and order granting summary judgment to plaintiffs on all counterclaims, identifying multiple purported "manifest" errors of law that warrant relief under Rule 59(e). The court disagrees.

Given the parties' disagreements on the proper standards for summary judgment, the court finds it helpful to set forth the controlling law here. A court may grant summary

---

[4] Even under the more permissive standard of Rule 15(a)(2), the court would deny the motion to amend. While such motions are to be "freely granted when justice requires," they, too, may be denied where an amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). As explained in the text above, Home Casual provides no persuasive grounds on which to find that an amendment of its counterclaims would not be futile, if not at the pleading stage, then certainly at summary judgment.

judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In granting or denying summary judgment, the court must view all facts and draw all inferences in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248. In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, there must be enough evidence to allow "a rational trier of fact to find for the non-moving party." *Id.* at 587.

A party seeking summary judgment always bears the initial burden of informing the district court of the basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the nonmoving party has the burden of proof on a particular issue, that initial burden "may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. The moving party need not support its motion with affidavits or materials negating the opponent's claim in such circumstances. *Id.* at 323. Once the initial burden is met, the nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. If the nonmoving party fails to do so, "[t]he moving party is 'entitled to a judgment as a matter of law.'" *Id.* at 323.

Virtually all of Home Casual's arguments hinge on its apparent assertion that this court misunderstood or misapplied the summary judgment standard in *Celotex* and that such misapplication constituted a "wholesale disregard, misapplication, or failure to recognize

8

controlling precedent." *Oto*, 224 F.3d at 606. Specifically, Home Casual argues that (1) plaintiffs failed to meet their initial burden of production; and (2) plaintiffs presented no affirmative evidence to support their motion for summary judgment on the counterclaims and third-party claims.

Remarkably, Home Casual grounds these arguments entirely in statements from the *Celotex* dissent. However, much as Home Casual may wish it otherwise, the *Celotex* majority held the moving party's initial burden on summary judgment "may be discharged by 'showing' -- that is, *pointing out to the district court* -- that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325 (emphasis added). This burden does *not* require "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.* at 323 (emphasis in original). In moving for summary judgment, plaintiffs did exactly what the *Celotex* majority required of them: they identified specific evidentiary failings and gaps in each of Home Casual's counterclaims, putting Home Casual "on notice that [it] had to come forward with all of [its] evidence." *Id.* at 326. Contrary to Home Casual's argument seeking reconsideration, there was no need for "affirmative evidence" under the *Celotex* majority holding. Thus, not only are Home Casual's arguments frivolous, its failure to acknowledge they were premised on statements in the *Celotex* dissent rejected by the majority make them the proper subject of plaintiffs' motion for sanctions.

Home Casual also argues that plaintiffs merely "regurgitated" their arguments on the motion to dismiss in the summary judgment context, but the "manifest error of law" here is difficult to differentiate from its *Celotex* argument. Indeed, Home Casual appears to argue that, because the court found the fraud claims largely sufficient to survive a motion to

9

dismiss, the only way plaintiffs could have then prevailed on summary judgment was to "affirmatively show" Home Casual's lack of evidence or produce its own "affirmative evidence" contradicting the allegations. Def.'s Br. 12 (dkt. #186). But this argument fails under *Celotex* as well. Plaintiffs *did* satisfy their initial burden on summary judgment by pointing to specific evidentiary deficiencies in Home Casual's evidence.[5]

Home Casual's argument that the court failed to consider key facts relating to misrepresentation is almost as confusing. Home Casual does not articulate what the "manifest error" is. Additionally, the argument simply attempts to relitigate summary judgment proceedings. For instance, Home Casual argues that the court should have considered the Hill affidavit and its proposed findings of fact as indicative of misrepresentation. Again, however, the court's decision was based not on some mistake as to the summary judgment standard or a misunderstanding of the facts offered, but instead on *Home Casual's failure* to produce admissible contrary evidence in response to plaintiffs' motion for summary judgment.

As noted above, Rule 59(e) is not a vehicle for a party to repair its own failures to follow procedure. *Bordelon*, 233 F.3d at 529. Home Casual chose not to offer evidence or propose findings of fact on key points of its counterclaims or (more likely) had none to

---

[5] Home Casual also argues that denying a motion to dismiss while granting a motion for summary judgment "cannot be reconciled." However, it misstates the standard for a motion to dismiss for failure to state a claim (and cites incorrectly to a case that enumerates the standard under Rule 12(c), not Rule 12(b)(6)). In a motion to dismiss under Rule 12(b)(6), the court "accept[s] the well-pleaded allegations in the complaint as true and draw[s] all reasonable inferences in favor of the plaintiff." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). On a motion for summary judgment, the court considers whether there is "evidence on which the jury could reasonably find in favor of the non[-]moving party." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010). There is no inconsistency in determining that a party has stated a legal claim, but has failed to produce enough evidence for a reasonable jury to find in its favor.

offer. Nor did it provide foundation, details, or explanation for the conclusory facts it did offer. However much Home Casual now wishes to clarify its proposed findings of fact further, there was *no* manifest error in discounting the "conclusory allegations and self-serving affidavits, without support in the record" it actually offered at the summary judgment stage. *Hall v. Bodine Elec. Co.*, 276 F.3d 345, 354 (7th Cir. 2002). Ultimately, Home Casual failed to offer evidence sufficient for a jury to return a verdict in its favor, making summary judgment appropriate. It cannot now remedy this failure by invoking Rule 59(e).

Next, Home Casual maintains that the court erroneously made presumptions and drew inferences in favor of plaintiffs, but again its only examples seem to ask the court to construe a *lack* of evidence in their favor. Summary judgment "is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Johnson v. Cambridge Industries, Inc.*, 325 F.3d 892, 901 (7th Cir. 2003) (quoting *Schacht v. Wis. Dep't of Corr.*, 175 F.3d 497, 504 (7th Cir. 1999)). Where, as here, the party offers *no* additional evidence from which inferences can be drawn, summary judgment is appropriate. *Id.*

Finally, Home Casual argues that its defective product claims were set forth in sufficient detail to survive a motion for summary judgment. Unlike all of Home Casual's other arguments, which are some variation on its misrepresentation of the movant's burden under *Celotex*, the "manifest error" it alleges here is the court's failure to consider the Hill affidavit as evincing a genuine dispute of material fact. But the court explained in its summary judgment decision the reasons for disregarding Hill's affidavit: Hill does not explain the nature of the claimed defects, nor does Hill authenticate the documents

11

attached to his affidavit or explain their source or contents. Home Casual's attempts to rehabilitate this evidence are not the proper subject of Rule 59(e) relief. *See Bordelon*, 233 F.3d at 529.

The remainder of Home Casual's brief in support of its motion also appears to be an untimely attempt to supplement the record with additional facts. "Where a party is made aware that a particular issue will be relevant to its case but fails to produce readily available evidence pertaining to that issue, the party may not introduce the evidence to support a Rule 59(e) motion." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996). For example, Home Casual does not allege that the Peng deposition or actual copies of the e-mails referenced in the Hill affidavit were unavailable to it at the time of summary judgment.[6] As such, this new evidence Home Casual would now provide does not warrant Rule 59(e) relief.

### D. Motion to Re-Serve Wang and Tan

Home Casual separately seeks leave to re-serve Wang and Tam properly, but offers no reason why the court's previous judgment represents a manifest error of law and cites no authority suggesting that such an error exists. Additionally, none of Home Casual's counterclaims survived plaintiffs' motions to dismiss and for summary judgment. Since Home Casual neither pled any additional facts nor offered evidence against Wang or Tam in addition to that offered against the other defendants -- and the court found that

---

[6] To the extent that Home Casual claims that the nature of its fraud claims made this evidence unavailable, Home Casual offers no explanation why *at the time of summary judgment* Hill knew about the e-mails or why Home Casual failed to attach copies that it now offers for the first time in its Rule 59(e) motion.

amending the counterclaims would be futile -- allowing Home Casual to re-serve these two defendants would be likewise futile.

## II. Plaintiffs' Motion for Sanctions

As already noted, plaintiffs have moved for sanctions under Rule 11 with respect to Home Casual's Rule 59 motion. (Dkt. #191.) Plaintiffs argue that (1) Home Casual's undisclosed reliance on the *Celotex* dissent was inappropriate; (2) Home Casual "misstates and mischaracterizes facts" on which its motion is based; (3) Home Casual "inappropriately attempts to introduce new purported facts and arguments into the record"; and (4) Home Casual did not follow the proper procedure in seeking leave to amend its counterclaim. (*Id.*)

"A court may impose Rule 11 sanctions for arguments that are frivolous, legally unreasonable, without factual foundation, or asserted for an improper purpose." *Indep. Lift Truck Builders Union v. NACCO Materials Handling Grp., Inc.*, 202 F.3d 965, 968 (7th Cir. 2000) (internal citation and quotation marks omitted). "[F]or Rule 11 purposes[,] a frivolous argument is simply one that is baseless or made without a reasonable and competent inquiry." *Berwick Grain Co., Inc. v. Ill. Dept. of Agric.*, 217 F.3d 502, 504 (7th Cir. 2000) (internal citation and quotation marks omitted). "While a court must not sanction a party for a reasonable misconstruction of case law, a party is not entitled to deliberately ignore or misstate case law that is unfavorable to its position." *Teamsters Local No. 579 v. B&M Transit, Inc.*, 882 F.2d 274, 280 (7th Cir. 1989). The court may sanction a party for frivolous conduct even if some of the party's claims are not frivolous. *Id.* at 280-81. Ultimately, Rule 11 requires "an objective inquiry into whether the party or his counsel should have known that his position is groundless." *CNPA v. Chicago Web Printing*

13

*Pressman's Union No. 7,* 821 F.2d 390, 397 (7th Cir. 1987) (internal quotation marks omitted).

This court does not enter sanctions lightly, but (as explained above) most of Home Casual's Rule 59(e) motion is premised on the expressly rejected standard of review contained in the *dissent* from *Celotex*. Moreover, Home Casual's brief not only entirely fails to note anywhere that its citations came from the dissent, it also heavily emphasizes that plaintiffs "chose to submit no evidence to affirmatively negate any essential element of [defendants'] Fraud Claims." Def.'s Br. 10 (dkt. # 186). As such, Home Casual argued that plaintiffs had to "convince the Court that Defendant [could not] produce evidence to support an essential element of the Fraud Claims." (*Id.*) Again relying on the dissent, Home Casual also argued that plaintiffs had failed to meet their burden of "affirmatively proving and pointing to portions of the record to establish the absence of evidence." (*Id.*)

Of course, the majority holding of *Celotex* does *not* require that the moving party produce evidence to affirmatively negate an essential element of the claim. Rather, the majority explicitly notes that there is "no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." *Celotex Corp.*, 477 U.S. at 323 (emphasis in original). Instead, "where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Id.* at 324. Finally, the majority states explicitly that its previous decisions do *not* mean

> that the burden is on the party moving for summary judgment to *produce evidence* showing the absence of a genuine issue of material fact, even with respect to an issue on which the

14

> nonmoving party bears the burden of proof. Instead, as we have explained, the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there *is an absence of evidence* to support the nonmoving party's case.

*Id.* at 325 (emphasis added).

Home Casual's undisclosed citations to the dissent are not only misleading in the sense that they misidentify the controlling law; they also paint an incorrect picture of the appropriate summary judgment standard after *Celotex*, as articulated by the Supreme Court and by this circuit's precedents. *See Anderson*, 477 U.S. at 250 & n.4 (noting that after a "properly supported motion for summary judgment" under *Celotex* is made, the adverse party must set forth specific facts showing a genuine issue for trial); *Modrowski v. Pigatto*, 712 F.3d 1166, 1167 (7th Cir. 2013) (citing *Celotex* for the proposition that a moving party without the burden of persuasion need only show an absence of evidence supporting the nonmoving party's case, which then requires the nonmoving party to present evidence permitting the finder of fact to find in her favor); *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 (7th Cir. 1994) (same); *Johnson v. Pollard*, No. 08-CV-297, 2009 WL 3063327, at *1 (E.D. Wis. Sept. 16, 2009) (same); *Watermark Solid Surface, Inc. v. Sta-Care, Inc.*, No. 08-CV-418-SLC, 2009 WL 723199, at *2 (W.D. Wis. March 17, 2009) (noting that under *Celotex*, "[a] defendant is not required to 'prove' that the plaintiff has no facts before plaintiff is required to lay its facts before the court").

Home Casual's arguments that plaintiffs should have been required to produce evidence negating or "affirmatively demonstrating" a *lack* of material facts supporting defendant's claims of fraud result, therefore, from either a deliberate decision to ignore controlling case law or a complete lack of reasonable inquiry into the standard of review for

15

summary judgment since *Celotex*.[7]  Either option is sufficient to warrant sanctions.  *See Teamsters Local No. 579*, 882 F.2d at 280 ("[A] party is not entitled to deliberately ignore or misstate case law that is unfavorable to its position."); *Berwick Grain Co., Inc.*, 217 F.3d at 504 ("[A] frivolous argument is simply one that is baseless or made without a reasonable and competent inquiry.") (quotation marks and citation omitted).

---

[7] The *only* support offered by defendant for its formulation of the *Celotex* standard is a cite to Wright, Miller & Kane, which contains the general assessment that the majority and dissent agreed as to how the summary judgment burden of proof operates.  (Def.'s Br. 5 (dkt. #193) (citing 10A [Wright, Miller & Kane], *Federal Practice and Procedure* § 2727 (3d ed. [1998])).  Defendants' counsel would have to ignore the rest of the discussion in Wright & Miller to miss that the propositions that Home Casual cites from the *Celotex* dissent are not, in fact, supported by the majority opinion.  Wright, Miller & Kane makes clear that in *Celotex*:

> [T]he satisfaction of the moving party's summary-judgment burden was influenced by the fact that the nonmovant would bear the burden of proof at trial.  When that was so, the moving party *could make a proper summary-judgment motion in reliance on the pleadings and the allegation that the nonmovant had failed to establish an element essential to that party's case*.  Rule 56(e) then would *require the opposing party to go beyond the pleadings to designate specific facts showing there was a genuine issue for trial.*

10A Wright, Miller & Kane, *Federal Practice and Procedure* § 2727 (3d ed. 1998) (emphasis added).  Later in the same section, Wright, Miller & Kane states that:

> [A]s established in Celotex, it is not necessary for the movant to introduce any evidence in order to prevail on summary judgment.  Rather, at least in cases in which the nonmoving party will bear the burden of proof at trial, the movant can seek summary judgment by establishing that the opposing party has insufficient evidence to prevail as a matter of law, thereby forcing the opposing party to come forward with some evidence or risk having judgment entered against him.

*Id.*  The full context of the treatise section Home Casual cites, then, makes clear that its contention that plaintiffs failed to produce affirmative evidence or make an "affirmative showing" is unsupported by the *Celotex* majority opinion.

Even if Home Casual's attorneys were genuinely unaware that they were espousing an incorrect formulation of the summary judgment standard in federal court, they "should have known" their position was groundless. *See Chicago Web Printing Pressman's Union No. 7*, 821 F.2d at 397.  Certainly, defendant's counsel are not the first and will not be the last to find the *Celotex* standard difficult to articulate and apply.  *See* Linda S. Mullenix, *The 25th Anniversary of the Summary Judgment Trilogy: Much Ado About Very Little*, 43 Loy. U. Chi. L.J. 561, 583-84 (2012) (noting that "in a surprising number of summary judgment cases, federal courts do not even cite *Celotex*" and that "in the remaining universe of decisions where courts do cite *Celotex*, some federal judges do not seem to acknowledge, understand, or apply the elaborate *Celotex* conceptual framework").  But even confusion does not justify counsel's failure to acknowledge its errors once put on notice by plaintiffs' counsel.  Ultimately, Home Casual's Rule 59(e) motion was not only in large part frivolous, but grossly misleading as to controlling legal authority.  To allege a manifest error of law based on a dissenting opinion that comports with neither the majority opinion nor subsequent case law requires sufficient sanctions to affect deterrence.

While the frivolous nature of defendant's legal argument as to the summary judgment standard is the most egregious example of sanctionable conduct, it is also worth noting that the rest of Home Casual's Rule 59(e) motion attempts to rehabilitate its evidence from summary judgment proceedings or introduce new facts, arguments, and evidence to show what it terms "the more complete story of this case." Def.'s Br. 22 (dkt. #186).  Plaintiffs argue that Home Casual "seemingly includes the evidence simply to embarrass and harass the Plaintiffs, and to attempt to sway the Court's opinions with documents not included in the record."  Pl.'s Opp'n 22 (dkt. #190).  Whatever the motive,

17

defendant's counsel should have known that "[a] Rule 59(e) motion cannot be used to present evidence that could and should have been presented prior to the entry of final judgment." *Retired Chi. Police Ass'n v. City of Chi.*, 76 F.3d 856, 867 (7th Cir. 1996). While this conduct alone may not rise to the level of a Rule 11 violation, it serves as further evidence of Home Casual's problematic conduct in proceeding with a groundless Rule 59(e) motion.

**III. Sanctions**

Having found a violation of Rule 11(b), there is still the question of what sanctions are appropriate. Rule 11(c)(5)(A) provides that a court may not impose a monetary sanction against a represented party for arguments lacking in legal merit. Fed. R. Civ. P. 11(c)(5)(A). Rather, the court must direct sanctions at Home Casual's counsel. Since Home Casual's motion is signed by Attorneys Stephen L. Morgan, Brittany S. Ogden, and Erin A. West, all from Murphy Desmond S.C., sanctions are directed at these attorneys, although "[a]bsent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." Fed. R. Civ. P. 11(c)(1). Thus, Murphy Desmond S.C. will be jointly liable for the sanctions the court imposes.

Plaintiffs have requested "reasonable legal fees and expenses incurred in responding to Defendant's Motion," as well as "such other sanctions and relief as the Court deems appropriate." Pl.'s Mot. Sanctions 3 (dkt. #191). Generally, sanctions may include "nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation,"

Fed. R. Civ. P. 11(c)(4), but Rule 11 is not generally intended to be a fee-shifting statute, although "under unusual circumstances, particularly for (b)(1) violations, deterrence may be ineffective unless the sanction not only requires the person violating the rule to make a monetary payment, but also directs that some or all of this payment be made to those injured by the violation." Fed. R. Civ. P. 11, 1993 Amendments, Subdivisions (b) and (c).

Here, the court finds that a monetary sanction short of complete fee-shifting will suffice "to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). First, the court has no doubt that the lawyers and law firm involved -- both of whom have outstanding and deserved reputations for ethical conduct -- will treat a finding of sanctionable conduct itself as a substantial deterrent. Second, the Rule 59 filing here was likely the product of hurried work under pressure from a client eager to delay its ultimate day of reckoning. Obviously, this does not *excuse* the lawyers' conduct, and especially not the failure to respond appropriately to a request to withdraw frivolous parts of the Rule 59 motion. *Midlock v. Apple Vacations West, Inc.*, 406 F.3d 453, 458 (7th Cir. 2005) ("A lawyer who pursues frivolous litigation cannot defend himself by arguing that his client made him do so. A lawyer is under a legal duty *not* to yield to such importunings, and he opens himself to sanctions if he does."). But it does put the conduct in context. Third, this action has lingered long enough and the court is disinclined to invite yet another round of briefing on the reasonableness of plaintiffs' fees and costs in responding to defendant's glaring misstatements of the law.

Accordingly, the court will impose a monetary sanction of $2,500 against defendant's named attorneys and Murphy Desmond S.C., jointly, to be paid to plaintiffs as partial

compensation for having to respond to defendant's Rule 59 motion and to bring its own Rule 11 motion.

ORDER

IT IS ORDERED that:

1) defendant Home Casual's Motion for Leave to File Amended Counterclaim and Third-Party Complaint and Motion to Alter or Amend Judgment is DENIED;

2) plaintiffs Home Casual Enterprise Ltd., Zhejiang Hemei Leisure Products Co., Ltd., Hangzhou Volly Garden Furniture Co., Ltd., and Hangzhou King-Rex Furniture Co., Ltd.'s Motion for Sanctions is GRANTED against Attorneys Stephen L. Morgan, Brittany S. Ogden, and Erin A. West, and Murphy Desmond S.C., jointly in the amount of $2,500 payable to plaintiffs as partial compensation of its attorney's fees and costs incurred in response to defendant's Rule 59 motion and bringing its own Rule 11 motion; and

3) the clerk of court is directed to enter an amended, final judgment consistent with the above.

Entered this 10th day of September, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge